Judge Robertson
delivered the opinion of the Court.
This was an issue on a plea in abatement, that the plaintiff in error is a non-resident, and was so, at the impetration of his writ of error, and that he had failed to give security for costs.
The act requiring non-resident plaintiffs to give security for costs, applies to this court. If security be not given at the proper time, it may be done at any time before trial, “nuncpro tunc,” unless the omission to give it be pleaded in abatement. But if a plea in abatement be filed, it cannot be answered by an offer to give bond and security for the costs. Issue must be taken on the truth of the plea; and if it be found true,the writ must abate.
The fact being, by consent submitted to the court. We are satisfied that the plaintiff was a non-resident *135 when his writ issued, and that he still is. The record shows the faet,and it was also abundantly proved by parol testimony. He had filed no bond for
Denny, for plaintiff; Triplett, for defendant.
Wherefore, the writ of error must abate.